IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

N. KYLE CHRISTY and KAYLA D. CHRISTY,
individually and as Natural Guardians
of ALAINA L. CHRISTY, an infant

      Plaintiff,

v.                                                  Civil Action No. 3:13-cv-5881
                                                      Judge: _____

ST. MARY'S MEDICAL CENTER, INC., a
West Virginia corporation, UNITED HEALTH
PROFESSIONALS, INC., a West Virginia
corporation, and STEVEN S. BRUMFIELD, M.D.,
an individual,

      Defendants.

## COMPLAINT

1.     Plaintiffs, N. Kyle Christy and Kayla D. Christy are the parents and natural guardians of Alaina L. Christy.  Plaintiffs bring these claims for relief, individually and for the benefit of Alaina L. Christy, an infant. Plaintiffs are citizens and residents of Flatwoods, Greenup County, Kentucky.

2.     St. Mary's Medical Center, Inc. ("St. Mary's") was at all times relevant herein and is now a corporation duly organized and incorporated under the laws of the State of West Virginia with its principal place of business in Cabell County, West Virginia.  St. Mary's employed all nursing personnel who provided treatment to Kayla D. Christy and Alaina L. Christy during their labor and delivery hospital admission at St. Mary's on August 16-17, 2011.

3. United Health Professionals, Inc. ("UHP") was at all times relevant herein and is now a corporation duly incorporated under the laws of the State of West Virginia with its principal place of business in Cabell County, West Virginia. United Health Professionals, Inc. employed the certified nurse midwife who rendered care to Kayla D. Christy on August 16-17, 2011 during her labor at St. Mary's Medical Center, Inc.

4. Steven S. Brumfield, M.D. ("Dr. Brumfield") was at all times relevant herein and is now a physician licensed by the West Virginia Board of Medicine who practices medicine and is believed to reside in Cabell County, West Virginia. Steven Brumfield, M.D. was an employee of United Health Professionals, Inc. on August 16-17, 2011.

5. Plaintiffs have complied with the filing requirements set forth in West Virginia Code §55-7B-6.

6. This Court properly has diversity jurisdiction of this action pursuant to 28 U.S.C. §1332(a), as the matter in controversy exceeds the sum value of $75,000.00, exclusive of interest and costs, and it is between citizens/entities of different states. Venue is proper as the events at issue occurred in Huntington, Cabell County, West Virginia.

7. Plaintiff Kayla D. Christy originally began care with UHP on December 13, 2010. Plaintiff Kayla D. Christy continued to access care from UHP on a regular basis through her pregnancy and the delivery of Alaina L. Christy on August 17, 2011.

8. Pursuant to West Virginia Code §55-7B-8, each Defendant was required to maintain a medical professional liability insurance policy in the amount of at least one million dollars per occurrence covering the medical injury alleged herein. To the extent any of the defendants failed to maintain a medical professional liability insurance policy in the amount of at

least one million dollars per occurrence covering the medical injury alleged herein, such Defendants are not protected by the limitations on noneconomic damages contained in West Virginia Code §55-7B-8.

9. Kayla D. Christy was admitted to St. Mary's on August 16, 2011 in active labor. St. Mary's nursing employees and UHP's nurse midwife employee(s) were responsible for monitoring Kayla D. Christy's labor and Alaina L. Christy's fetal status prior to birth.

10. During Kayla D. Christy's labor, Alaina L. Christy's fetal monitor demonstrated signs of non-reassuring fetal heart rate tracings.

11. UHP's nurse midwife employee(s) and St. Mary's nursing employees failed to timely recognize, treat and obtain proper consultation for signs of non-reassuring fetal heart rate tracing during Kayla D. Christy's labor.

12. The UHP employees, including the certified nurse midwife, and St. Mary's nursing employees failed to timely deliver Alaina L. Christy.

13. Dr. Steven S. Brumfield failed to assess or evaluate Kayla D. Christy at any time during her labor and delivery of Alaina L. Christy. As a result of his failure to properly manage Kayla D. Christy's labor on August 16-17, 2011, Alaina L. Christy suffered in utero distress and was not timely delivered.

14. As a result of each of the Defendants' failure to properly monitor labor, manage labor, recognize, treat and obtain proper consultation for signs of non-reassuring fetal heart rate tracing and timely deliver Alaina L. Christy, she suffered a permanent brain injury and other injuries.

15. The Defendants and/or their agents and employees were negligent and practiced below the applicable standards of care in the medical treatment and care provided to Kayla D. Christy and Alaina L. Christy as aforesaid, and were guilty of medical malpractice and/or negligence in their care and lack of care and treatment of Kayla D. Christy and Alaina L. Christy.

16. The treatment and/or lack of treatment provided by employees of UHP, including the certified nurse midwife and Dr. Steven S. Brumfield, and employees of St. Mary's, as outlined herein, was negligent and below the standard of care that ordinary prudent nurses, nurse midwives and physicians or other healthcare providers would have exercised under like or similar circumstances. The treatment and lack of treatment provided by employees of UHP, including the certified nurse midwife and Dr. Steven S. Brumfield, and employees of St. Mary's, as outlined herein, resulted in Alaina L. Christy's permanent brain injury and other injuries.

17. Defendants UHP and St. Mary's are vicariously liable for the negligence of their respective employees and agents, and said Defendants are specifically estopped from denying vicarious liability under principles of employment and agency law.

18. As a direct and proximate result of the negligence, carelessness, recklessness, incompetent management, willful lack of care, and deviation from the normal standard of medical care of the Defendants as stated herein, plaintiff Alaina L. Christy has suffered a severe permanent brain injury, end organ damage and other related personal injuries; has suffered permanent developmental delays; has suffered and will continue to suffer bodily injury; will likely never be capable of living independently; has incurred medical expenses in the past in the approximate sum of $250,000.00, and will do so in the future; has endured pain and suffering, both in the past and in the future; has endured mental anguish, both in the past and in the future; has likely suffered a total

lifetime loss of earning capacity and the ability to contribute household services in the future; has sustained an impairment of her capacity to enjoy life, and will continue to do so in the future; and has suffered aggravation, annoyance, and inconvenience, and will continue to do so in the future, and therefore seeks all damages allowed by law.

19. As a further direct and proximate result of the negligence of the Defendants as stated herein, Plaintiffs N. Kyle Christy and Kayla D. Christy, have been deprived of the consortium, society and comfort of their daughter, Alaina L. Christy.

WHEREFORE, N. Kyle Christy and Kayla D. Christy, individually and as the Natural Guardians of Alaina L. Christy, demand judgment from the Defendants, St. Mary's Medical Center, Inc., United Health Professionals, Inc., and Steven S. Brumfield, M.D., jointly and severally, in such sums as will adequately compensate the Plaintiffs for the various causes of action and claims for relief brought herein, which said sums are in amounts well in excess of the minimum requirements of this Court, and for such other relief as may be proper under the law.

PLAINTIFFS DEMAND A TRIAL BY JURY.

**N. KYLE CHRISTY and KAYLA D. CHRISTY, individually and as Natural Guardians of ALAINA L. CHRISTY, By Counsel**

*/s/ Robert V. Berthold, Jr.*
Robert V. Berthold, Jr. (WV #326)
Holly G. DiCocco (WV #8571)
BERTHOLD LAW FIRM PLLC
Post Office Box 3508
Charleston, WV 25335
(304) 345-5700
(304) 345-5703 - facsimile
*Counsel for Plaintiffs*

5